**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **WILGUENS LOUIS,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| **v.** | § | |
| | § | **EP-26-CV-01855-DCG** |
| **ERO EL PASO FIELD OFFICE,** | § | |
| | § | |
| ***Respondent*.** | § | |

**ORDER REGARDING IMPROPER COMMUNICATION FROM NON-PARTY**

*Pro se* Petitioner Wilguens Louis's spouse (Natasha Mennell) mailed a "Declaration" to the undersigned Judge on or around August 5, 2026.[1] The Declaration "ask[s] the Court to consider [certain] information in connection with" Petitioner's pending Petition for a Writ of Habeas Corpus.[2] Notably, Ms. Mennell isn't a party to this case.[3] It also doesn't appear that Ms. Mennell copied Respondents' counsel on her mailing to the Court.[4]

## I. DISCUSSION

The Court cannot consider Ms. Mennell's Declaration. With narrow exceptions that don't apply here,[5] the Judiciary's ethical rules state that "a judge should not . . . consider

[1] *See* Decl., ECF No. 16.

[2] *See id.* at 3.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[3] *See, e.g.*, Pet., ECF No. 13, at 1.

[4] *See id.* at 4 (envelope addressed solely to the undersigned Judge); *id.* at 1, 3 (lacking any indication that Ms. Mennell sent a copy of the letter to Respondents' counsel).

[5] *See* CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3(A)(4)(a)–(d).

. . . communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers."[6] Because Ms. Mennell's communication:

(1) "concern[s] a pending . . . matter" (namely, Petitioner's habeas corpus proceedings); and

(2) was "made outside the presence of the parties or their lawyers,"[7]

the Court cannot consider it.

The Judiciary's ethical rules further provide that when "a judge receives an unauthorized . . . communication bearing on the substance of the matter, the judge should promptly:"

(1) "notify the parties of the subject matter of the communication;" and

(2) "allow the parties an opportunity to respond."[8]

The Court has done the former by posting Ms. Mennell's Declaration to the docket.[9] The Court will do the latter by giving Respondents an opportunity to respond to Ms. Mennell's message.

## II. CONCLUSION

Respondents **MAY FILE** a response to the "Declaration of Natasha Mennell in Support of Petitioner Wilguens Louis Shabeas [sic] Corpus Petition" (ECF No. 16) by **August 28, 2026** if they choose.

Either way, however, the Court intends to take **NO FURTHER ACTION** regarding Ms. Mennell's communication with the Court.

The Court **ORDERS** Ms. Mennell not send further unauthorized communications to the courthouse regarding this (or any other) pending case.

---

[6] CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3(A)(4).

[7] *Compare id.*, *with* Decl. at 1–3. *See also supra* notes 2, 4, and accompanying text.

[8] CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3(A)(4).

[9] *See* Decl. at 1–4.

The Clerk of Court **SHALL MAIL** this Order to:

Wilguens Louis
Adams County Correctional Center
20 Hobo Fork Rd.
Natchez, MS 39120

Natasha Mennell
2141 SW 67th Way
Miramar, FL 33023

**So ORDERED and SIGNED this 13th day of August 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**